## BASHARA v. THOMSON.

### No. 10195.

Court of Civil Appeals of Texas. Galveston.

April 2, 1936.

John & Levy and Sam W. Levy, all of Houston, for appellant.

Arnaldo W. Baring, of Houston, and A. J. Lewis, of San Antonio, for appellee.

LANE, Justice.

On the 31st day of August, 1929, J. F. Bashara made, executed, and delivered to F. L. Thomson his certain promissory note reading as follows:

"$2,000.00        No.        San Antonio, Texas,
                                "August 31st, 1929.

"Ninety days after date for value received I promise to pay to the order of Dr. F. L. Thompson Two Thousand and 00/100 Dollars at San Antonio, Texas, with eight per cent interest per annum from date until paid.

"And in the event default is made in the payment of this note at maturity, and it is placed in the hands of an attorney for collection, or suit is brought on the same, or same is collected through the Probate Court, then agree that an additional amount of ten per cent, on the principal and inter-

est of this note shall be added to the same as collection fees.

"J. F. Bashara,
"509 Avondale Ave.
"Houston, Texas."

On the same day, and simultaneously with the execution and delivery of said note, Bashara wrote Thomson a letter reading as follows:

"August 31st, 1929.
"Dr. F. L. Thomson, Maverick Building, San Antonio, Texas.

"Dear Sir: I am this day pledging with you, stock certificate No. 47 for twenty (20) shares of the capital stock of the Rexal Petroleum Corporation and giving you my note for same, due ninety (90) days from date, at eight (8%) per cent.

"I hereby authorize you to vote this stock, or to sell same when you sell, and will accept the same price as you receive for your stock. This is necessary in order that you have a full eighty (80%) per cent of the capital stock which would authorize you by law, to sell the physical properties of the corporation.

"Yours very truly,
"J. F. Bashara."

At the same time of the execution and delivery of the two instruments above mentioned, Bashara pledged and delivered to Thomson stock certificate No. 57 of the Rexal Petroleum Corporation of Texas; said certificate being for twenty shares of the capital stock of said corporation theretofore, on August 30, 1929, issued to J. F. Bashara. Said stock was placed with F. L. Thomson by J. F. Bashara as collateral security for the payment of the note above mentioned. Long after said note became due and payable, and was unpaid, F. L. Thomson placed it in the hands of A. J. Lewis, his attorney, for collection. Upon the failure and refusal of Bashara to pay said note, F. L. Thomson, the owner and holder of the note, through his attorney, instituted this suit against J. F. Bashara to recover thereon, together with interest, and for 10 per cent. on the amount due on the note as an attorney's fee.

Defendant, Bashara, answered by general demurrer, general denial, a plea of payment of the note, and specially alleged that prior to the execution of the note sued on he owned more than 20 shares of the capital stock of the Rexal Corporation; that prior to and on the date of the execution and delivery of said note and stock the reasonable market value of such stock

was $4,000, or $200 per share; that he (Bashara) was in need of money, and plaintiff, knowing this fact and desiring to control 80 per cent. of the capital stock of the company so as to enable him to sell its physical properties, offered to advance defendant $2,000, provided defendant secured such loan by a collateral pledge of 20 shares of such stock; that plaintiff insisted that a condition of said agreement would be that, in the event the note was not paid on or before 90 days, with 3 days of grace, the stock would then become the property of plaintiff without further procedure or legal action, and that the note would be considered paid.

Defendant further alleged:

"That as part of the consideration to defendant for the execution of said note and as an inducement to defendant for execution of said note, plaintiff and defendant agreed that, in the event defendant did not pay said note before the expiration of ninety-three (93) days from the date of said note, that defendant would lose all his interest in said twenty (20) shares of said stock and that the note would be returned to defendant or destroyed. That, relying upon this agreement and promise of plaintiff, and on the face of this promise and agreement, defendant executed the note and delivered a certificate to plaintiff for twenty (20) shares of stock in the Rexal Petroleum Corporation. Defendant was unable to pay, and did not pay, the note at the expiration of the ninety-three (93) days and has always understood that the stock automatically became the property of plaintiff and has never made any claim and does not now make any claim to said stock. That said stock continued to be worth many times the amount of the note long after its due date.

"Defendant further alleges that in truth and in fact the entire transaction was merely a sale to plaintiff of the twenty (20) shares of stock with the condition that defendant should be allowed to repurchase his stock within ninety-three (93) days from the date of the note by paying to plaintiff the amount of said note plus interest, and that, in the event defendant did not exercise his option, said purchase by plaintiff would be considered completed and plaintiff would return to defendant the note or destroy it. Defendant also executed contemporaneously with said note, and as part of his agreement, a letter authorizing the plaintiff to sell said twenty (20) shares of

stock prior to the maturity of the note, which agreement was made to enable plaintiff to have a full eighty per cent (80%) of the capital stock of said corporation which would authorize him to sell its physical property. That said note was never intended to be the binding individual obligation of defendant and was executed and delivered to plaintiff by defendant solely upon the condition that in the event it was not paid within ninety-three (93) days from its date the stock would become the property of plaintiff and the note would be returned to defendant or destroyed."

By supplemental petition plaintiff specially excepted to defendant's answer, because the facts alleged therein seek to vary and contradict the plain and unambiguous terms of the instruments sued upon, and because the parol agreement alleged to have been made contemporaneously with the execution of said instruments cannot prevail, if true, as against the written agreement evidenced by such instruments.

A jury was chosen to try the cause. In addition to the facts above stated, it was shown by the undisputed evidence that the note had not been paid; that at the time the instruments above mentioned were executed and delivered the shares of stock therein referred to had a value of $200 per share, but that in about three months thereafter the Rexal Company became insolvent, and the stock became practically worthless; that no suit was brought on the instruments until about two years after the note became due and payable; that appellant offered to introduce the testimony of himself to show the oral agreements which he alleged in his answer, and that, upon objection of appellee, such testimony was excluded by the court, to which ruling of the court appellant excepted; that, after the close of the evidence, the court instructed a verdict for appellee; that such verdict was returned by the jury, and upon such verdict and the evidence the court rendered judgment, reciting that the plaintiff had announced in open court that he was not asking for a foreclosure of the stock which he held as collateral security to the note, as such stock was worthless, and the court concluded as a matter of law that the plaintiff was entitled to an instructed verdict for the amount due upon the note, principal, interest, and attorney's fees, and therefore the jury was instructed to return its verdict for plaintiff against defendant for the principal, interest, and attorney's

fees on the note in controversy; that in response to such instruction such verdict was returned. Judgment was thereupon rendered in favor of the plaintiff against defendant for the sum of $2,000, with interest thereon at the rate of 8 per cent. per annum until paid, and for $275 as an attorney's fee. From the judgment so rendered defendant has appealed.

For reversal of the judgment, appellant contends that: "The court erred in excluding all evidence offered by appellant on appellee's objection, to the effect that it would tend to vary and contradict the terms of the note introduced in evidence which was the foundation of appellee's cause of action, the tendered evidence relating to a parol agreement made contemporaneously with the execution of the note in suit, and constituting part of the consideration for the execution of the note and as an inducement for executing it; because such evidence so tendered by appellant was fully sufficient to sustain appellant's pleaded defenses; and, if believed by the jury, and made the basis of a finding in favor of appellant, would have legally required a judgment in favor of appellant, to the effect that appellee take nothing against him by virtue of his cause of action asserted herein, such evidence being in general substance that appellee agreed with appellant contemporaneous with the execution of the note in suit and as part of the consideration for the execution of said note that if said note was not paid by appellant at its maturity, with three days of grace, the stock of the Rexal Petroleum Corporation, held by appellee, would be accepted by him in full payment thereof, and that thereupon said note would be marked paid, cancelled, and returned to appellant or destroyed; and that appellant, three days after the maturity of the note understood that appellee became the full owner of the stock and that the note was cancelled; and that appellee retained possession of the stock thereafter until it became valueless, and did not request payment of said note for years."

To support the contention made, appellant cites a number of supposed authorities, none of which, we think, support such contentions. We overrule appellant's contention. By the proffered testimony of appellant and his witness, if admitted and believed, a conditional delivery would not have been shown, nor would such testimony have shown a delivery for a special purpose, as contemplated by section 16 of

article 5932 of the Negotiable Instrument Law (Vernon's Ann.Civ.St.) cited by appellant.

It must be borne in mind that there is a difference between parol condition with reference to delivery of a note and parol condition affecting its payment. An oral condition affecting payment of a note is unenforceable if it varies the terms of a written instrument.

In Shepherd v. Woodson Lumber Co. (Tex.Civ.App.) 63 S.W.(2d) 581, 582, Judge Gallagher, speaking for the Waco court, said:

"There is neither pleading nor testimony charging that plaintiffs perpetrated any fraud upon the defendants in inducing them to purchase said lumber or in procuring the execution and delivery of the notes and mechanic's lien contract securing the same which were given in consideration of such purchase. Said writings constituted an unconditional promise to pay in money the amount specified therein. A contemporaneous parol agreement on the part of plaintiffs that either or both said notes should be paid only in labor to be performed by Shepherd was in direct conflict with the terms thereof. Pertinent to the issue of law under consideration, we quote from Helmke v. Prasifka (Tex.Civ.App.) 17 S.W.(2d) 463, 465, par. 1 (writ refused), as follows:

"'Of course, there is a distinction between a parol condition affecting the delivery of a written obligation and one affecting its payment. This distinction is not always clearly apparent from the provisions of the condition. But, when the distinction is ascertainable, and is determined, the rules concerning its enforceability thus ascertained are clearly distinguishable. For a parol condition affecting the delivery of a written obligation is enforceable by virtue of our Negotiable Instruments Act (section 16, art. 5932), whereas a parol condition affecting the payment of a delivered written instrument is not enforceable if it operates to add to, take from, or vary, the terms of the written agreement. The latter rule is not affected by the statute, and is universally enforced.'"

Many cases are cited in the opinion to support the ruling made. There is an unbroken chain of decisions in this state prohibiting the introduction of evidence of a previous or contemporaneous oral agreement at variance with a written agreement. The sanctity and usefulness of written contracts would be nullified if a contrary rule existed. Yet that contrary rule is actually what the appellant contends for in this appeal. See Self v. King, 28 Tex. 552.

In Roundtree v. Gilroy, 57 Tex. 176, opinion by Judge Stayton, deceased, it is held in forcible language that a parol agreement that part of a sum of money promised to be paid in an obligation in writing could be discharged otherwise than in money is not valid, and a plea of such fact was properly held insufficient as a defense in an action upon the obligation, citing Self v. King, supra. In that opinion Judge Stayton said: "The instrument evidenced a contract to pay a certain sum in money, and an agreement to pay in something else could not be shown."

In Dolson v. De Ganahl, 70 Tex. 620, 8 S.W. 321, it is said: "In view of the further disposition of the case, we deem it proper to say that the note sued on evidences the contract of the parties, and, under the pleadings, all evidence as to parol contemporaneous agreements between the appellant and the deceased affecting the contract evidenced by the note, and tending to vary or contradict it, should be excluded. The note fixes the obligation of the appellant to pay, and his pleadings leave open to him only the defense that it was executed without consideration."

In Riley v. Treanor (Tex.Civ.App.) 25 S.W. 1054, 1055, it is said: "Offer to return the shares if the note was canceled presented no defense, as the note provides for payment in money, and no verbal agreement to take back the stock would be admissible in evidence, as it would vary the terms of a written contract. * * * There was no error in sustaining the exceptions to the answer, and consequently none in rejecting testimony of a verbal agreement on the part of appellee to accept a return of the shares in payment of the note." See Nixon v. First State Bank, 60 Tex.Civ.App. 7, 127 S.W. 882, Houghton v. American Trust & Savings Bank (Tex. Civ.App.) 247 S.W. 904, and Chalk v. Daggett (Tex.Com.App.) 257 S.W. 228.

Having reached the conclusion that the court properly excluded the proffered testimony, the judgment is affirmed.

Affirmed.