## BELCHER v. HURLEY et al.
### No. 2310.

Court of Civil Appeals of Texas. Eastland.

Feb. 19, 1943.

Rehearing Denied March 12, 1943.

Williamson & Nordyke, of Stephenville, for appellant.

R. L. Thompson, of Stephenville, for appellees.

FUNDERBURK, Justice.

Mrs. Lela Hurley, administratrix of each of the estates of Amanda A. Belcher, deceased, and T. W. Belcher, deceased, brought this suit against F. W. Belcher to recover upon eight promissory vendor's lien notes executed by defendant to said T. W. Belcher aggregating a sum a little less than $1,350, together with interest, attorney's fees, etc.

The defendant pleaded a release of the notes by T. W. Belcher after the death of Amanda A. Belcher. Amanda A. Belcher had died intestate on December 19, 1939, leaving heirs (other than T. W. Belcher) and owning an estate at least to the extent of an undivided one-half interest in said notes which was common property. T. W. Belcher died intestate on March 19, 1940. The defendant, evidently anticipating that the authority of T. W. Belcher, after the death of Amanda A. Belcher, to execute such release, at least as to the community interest therein of Amanda A. Belcher, would be challenged, pleaded that the consideration for said release was the discharge of community indebtedness due him. Exceptions to such plea, after the introduction of evidence, were sustained by the Court.

Plaintiff in confession and avoidance pleaded, among other things, want of mental capacity in T. W. Belcher to execute the release and also undue influence exercised by defendant over said T. W. Belcher.

After sustaining the exceptions aforesaid to defendant's answer, the Court gave a peremptory instruction for plaintiffs and,

upon the verdict returned in response thereto, rendered judgment for plaintiffs, from which defendant has appealed.

Defendant's answer, to which exceptions were sustained, alleged, in part, a parol agreement, in substance, to the effect that if at the death of Amanda A. Belcher and T. W. Belcher there remained unpaid notes of said series of notes not at the date of such death due, then such unpaid notes would be cancelled.

We agree with the trial court that such agreement is within the operation of the parol evidence rule. The rule referred to is the same we had occasion to consider and, upon the many authorities cited, to formally state, in the case of Robert & St. John Motor Co. v. Bumpass, Tex.Civ.App., 65 S.W.2d 399, 402, as follows: "The parol evidence rule forbids the proof of any oral agreement varying the time of payment, or reducing, or increasing the amount stipulated in the written contract to be paid, as for example (of the latter) an agreement that a less sum is to be paid upon a certain contingency or providing for a remission or rebate of a portion of the principal or interest, or providing that payment is to be made in something besides money." Under that rule the pleaded oral agreement that the notes, if any, not paid and becoming due after the deaths of Amanda A. and T. W. Belcher should be cancelled, was, we think, an agreement in necessary effect that upon a contingency, not specified in the notes, a part of the notes would not become due, or, in other words, would not constitute obligations according to their purport. It would, therefore, come within the operation of said rule.

But we think the Court was in error in the evident view that all of the defenses specially pleaded by defendant were affected by this same vice. In paragraphs 10, 11 and 12 of said answer, to which the exceptions sustained were construed to extend, we think defendant pleaded, in effect and independently of said other plea, that he was a creditor of the community estate of Amanda A. and T. W. Belcher, and that after the death of Amanda A. Belcher, his debt was paid by the survivor, T. W. Belcher, by the cancellation and release of said notes. If, as alleged, the community owed a debt to defendant, then we are of the opinion that the survivor, T. W. Belcher, had authority to pay such debt and that such authority included authority to make such payment by a release of part of a debt due such community estate. This, of course, leads to the conclusion that the exception to that plea was improperly sustained.

We are also of the opinion that the release was admissible in evidence. It could hardly be questioned that it was admissible against plaintiff in her capacity as administratrix of the estate of T. W. Belcher, deceased. The release contained a declaration by T. W. Belcher that the notes had been paid. His authority to accept payment of the notes (as distinguished from release without payment), even as affecting the estate of Amanda A. Belcher, was beyond successful challenge. If the notes were paid or otherwise legally discharged, his authority to execute the release would follow as a matter of course. The release being valid on its face, its effect as relating to the estate of T. W. Belcher could only be avoided by some equitable proceeding having the effect to cancel the release.

Under defendant's answer as we have above construed it, there is no doubt, we think, that the release was also admissible in evidence against the plaintiff in her other capacity as administratrix of the estate of Amanda A. Belcher. The question of its admissibility and its effect are different questions. Its effect would be dependent upon the question of T. W. Belcher's authority to release the notes without payment so as to bind those succeeding to the estate of Amanda A. Belcher. We cannot say that T. W. Belcher was without authority to execute said release, since exception to the pleading which tendered issues concerning such authority having been sustained, such issues were not determined.

For the reasons discussed, we are of the opinion that the judgment of the Court below should be reversed and the cause remanded, which is accordingly so ordered.