**ENNIS STATE BANK, Appellant,**

v.

**Frank HUBACEK, Appellee.**

No. 3518.

Court of Civil Appeals of Texas.

Waco.

Dec. 5, 1957.

Rehearing Denied Jan. 2, 1958.

Geo. P. Hines, Ennis, Ralph Hartman, Waxahachie, for appellant.

Griffith & Lumpkins, Waxahachie, for appellee.

HALE, Justice.

Appellant will be referred to as the bank, and appellee, a used car dealer, will be referred to as the dealer. The bank brought this action against the dealer to recover the amount of principal, interest and attorney's fees alleged to be due on five promissory notes which the dealer had sold and endorsed to the bank, and to foreclose chattel mortgage liens securing payment of the notes. The dealer admitted the validity of the bank's claim, but alleged that he had entered into a prior parol agreement with the bank, whereby the latter was to hold in reserve for the dealer an amount equal to two percent of the principal of all notes to be sold and endorsed by the dealer to the bank, such reserve to be used by the dealer and the bank to pay any loss on any of the notes to be sold and endorsed by the dealer to the bank, and the excess of the reserve over the losses, if any, to be paid

over to the dealer at the termination of the transaction. The dealer asserted that he was entitled to a credit on the notes sued upon by reason of the reserve fund provided for by the parol agreement.

The case was tried before a jury. Upon the conclusion of the evidence the bank moved the court to peremptorily instruct the jury to return a verdict in its favor for the amount of principal, interest and attorney's fees for which it sued. The motion was overruled and the case was submitted to the jury on two special issues. The jury found (1) the existence of the parol agreement alleged by the dealer and (2) that the amount created for the reserve fund under the parol agreement was $912.43. The record shows that the total aggregate amount of principal, interest and attorney's fees due and owing to the bank on the five notes sued upon was $1,562.84. The court deducted the amount created for the reserve fund from the amount otherwise due on the notes sued upon and rendered judgment in favor of the bank for the difference between the two amounts in the resulting sum of $650.41.

The bank contends that the court below erred in allowing the dealer a credit on the notes sued upon, because the necessary effect thereof was to vary the terms of the notes by parol evidence, contrary to law. After due consideration of the record before us, we have concluded that the contention of the bank in this regard must be sustained.

■ It appears to us that this case turns upon the fact that the asserted defense of the dealer relates to and is based primarily upon the notes which the dealer admits he endorsed to the bank, and not upon any parol agreement that is separate from, collateral to, or independent of the notes endorsed to the bank. If the endorsed notes had not been placed in evidence, there would have been no way by which to arrive at the amount of rebate or credit to which the dealer might be entitled. Furthermore, the necessary effect of the parol agreement

was to provide that the dealer, as endorser of the notes, would not be ultimately liable to the bank for the payment of two per cent of the amount promised by the notes, but that such two per cent would be paid to the bank merely as a trustee, to be held in reserve for the benefit of the dealer. Not only was the verbal agreement thus in violation of the parol evidence rule, but it was also in conflict with the Uniform Negotiable Instruments Act, whereby the dealer, as endorser of the notes, warranted that they would be paid according to their written terms, and not by any credit, offset, or counter-claim against the endorsee.

■ In the case of Robert & St. John Motor Co. v. Bumpass, Tex.Civ.App., 65 S.W.2d 399, 402, er. dis., the court said:

"The parol evidence rule forbids the proof of any oral agreement varying the terms of payment, or reducing, or increasing the amount stipulated in the written contract to be paid, as for example (of the latter) an agreement that a less sum is to be paid upon a certain contingency or providing for a remission or rebate of a portion of the principal and interest, or providing that payment is to be made in something besides money."

■ The foregoing case was expressly followed in Stavely v. Stavely, Tex.Civ. App., 94 S.W.2d 545, er. dis., and was cited with approval in Belcher v. Hurley, Tex.Civ.App., 169 S.W.2d 495, er. ref. w. o. m., and Reserve Life Ins. Co. v. Buford, Tex.Civ.App., 241 S.W.2d 973, er. ref. See also Guarantee Life Ins. Co. v. Davidson, Tex.Com.App., 234 S.W. 883; Houston E. & W. T. Ry. Co. v. Browder, Tex.Com. App., 283 S.W. 154; Pioneer Building & Loan Ass'n v. Johnston, Tex.Civ.App., 117 S.W.2d 556, er. dis.

The case of Chalk v. Daggett, Tex.Com. App., 257 S.W. 228, is closely in point. In that case Chalk attempted to defend against the payment of two promissory notes on the ground that at the time the notes were

given, he and Daggett entered into a parol agreement whereby certain previous partnership affairs found to be due Chalk were to be credited upon the notes, and that no accounting had been had. It was expressly held by the court that the parol agreement presented no valid defense because it constituted an attempt by parol to vary the express, unconditional promise contained in the writing to pay a sum certain at a fixed future time. The holding in this case appears to foreclose the question of law discussed against the contention of the dealer in the case at bar. In the later case of Mitcham v. London, Tex.Civ.App., 110 S.W.2d 140, 142, the decision in Chalk v. Daggett, supra, is described as being "a very clear statement of the rule and its application, with a painstaking digest of the Texas decisions thereon. * * * Apparent conflict in prior decisions arising from general expressions or terminology are therein clarified; while conflicting holdings of some of the prior opinions of the Courts of Civil Appeals through erroneous application of the rule are deferentially disapproved."

It should be noted that the dealer makes no claim by his pleadings in this case of any fraud, accident or mistake or of a failure of consideration in connection with the course of dealing between the parties, such as to invalidate the notes sued upon. The undisputed evidence shows that no reserve account was set up on the books of the bank as a credit for the benefit of the dealer at any time during the period of three years in which the dealer was selling and endorsing notes to the bank. It is admitted that the dealer never received any statement from the bank, or any written evidence of any kind whatsoever, showing or tending to show the creation of a reserve account for the benefit of the dealer and the dealer did not make any inquiry of the bank in relation to such reserve account. Therefore, we think the necessary effect of the dealer's effort to engraft a parol agreement upon the notes to be sold and endorsed by him

to the bank was an effort to vary and change the terms of the notes in violation of the parol evidence rule, "an absolute rule of law, the wisdom of which has been established by the sanction of the ages."

In the case of Distributors Inv. Co. v. Patton, 130 Tex. 449, 110 S.W.2d 47, 48, the court said: "The rule forbidding the varying of a written contract by parol would become a dead letter if prior oral agreements were permitted to govern the parties rather than subsequent written agreements on the same subject matter." And, as said in Bashara v. Thomson, Tex.Civ. App., 93 S.W.2d 747, 750: "The sanctity and usefulness of written contracts would be nullified if a contrary rule existed. Yet that contrary rule is actually what the appellant contends for in this appeal."

■ The bank preserved its right to have its contentions reviewed by timely objection to the parol evidence which was offered to support the dealer's defense, by a proper motion for peremptory instruction and for judgment non obstante veredicto. We think such objections and motions should have been sustained. Leavell v. Seale, Tex.Civ.App., 45 S.W. 171; Shaw v. Lumpkin, Tex.Civ.App., 241 S.W. 220; Berry v. Guilliot, Tex.Civ.App., 250 S.W. 482; Bowden v. Partners' Finance, Tex. Civ.App., 278 S.W.2d 866; Hunt v. Bagwell, Tex.Civ.App., 111 S.W.2d 312; Windham v. Creech, Tex.Civ.App., 79 S.W.2d 631; Firestone Tire & Rubber Co. v. Fisk Tire Co., Tex.Com.App., 131 Tex. 158, 113 S.W.2d 175; Robertson v. City National Bank, Tex.Com.App., 120 Tex. 226, 36 S.W. 2d 481; Dean v. Allied Oil Co., Tex.Civ. App., 261 S.W.2d 900, er. dis.

Accordingly, the judgment of the court below is reversed and judgment is here rendered in favor of the bank for the sum of $1,562.84, with interest thereon at the rate of ten per cent from the date of trial in the court below, and with foreclosure of the chattel mortgage lien securing the payment of the notes sued upon.