**ENNIS STATE BANK, Appellant,**

v.

**F. A. HUBACEK, Appellee.**

No. 3518.

Court of Civil Appeals of Texas.

Waco.

March 5, 1959.

Rehearing Denied April 2, 1959.

Geo. P. Hines, Ennis, Ralph E. Hartman, Waxahachie, for appellant.

Griffith & Lumpkins, Waxahachie, for appellee.

HALE, Justice.

Appellant, Ennis State Bank, hereafter referred to as the Bank, brought this suit against F. A. Hubacek to recover personal judgment on five promissory notes, and to foreclose chattel mortgages securing the payment of such notes. Appellee is an automobile dealer in Ennis, and will sometimes be referred to as the Dealer. Hubacek admitted liability for the entire amount sued for, but he sought by way of defense and counterclaim to defend against the suit on the ground that he had entered into an oral agreement with the Bank before any of the notes were executed, whereby he, as a dealer in automobiles, would sell cars to members of the public, taking notes as part of the purchase price, and would thereafter transfer, sell and assign said notes as were acceptable to the Bank, the Bank taking such notes so endorsed by him; that when a note was assigned to the Bank, it would provide for interest at the rate of 10% per annum; that when a note endorsed by him was paid in full, 2% thereof would be held by the Bank in reserve and would be credited to his account, to be applied to any loss on any of the notes, the difference to be placed to the account of the Dealer, if and when the parties should terminate their contract.

The jury found the existence of the oral agreement as alleged by the Dealer. The trial court rendered judgment in favor of the Dealer, and upon appeal from the judgment of that court, the cause was reversed and judgment was rendered in favor

of the Bank. See Ennis State Bank v. Hubacek, Tex.Civ.App., 308 S.W.2d 60. The Supreme Court granted a writ of error and rendered judgment reversing the judgment heretofore rendered by this court, and remanded the cause to this court for further consideration. See Hubacek v. Ennis State Bank, Tex., 317 S.W.2d 30, 31.

As we understand the opinion of the Supreme Court, the cause was remanded to this court with instructions to pass upon the sufficiency of the evidence to sustain the finding of the jury, and for that purpose alone. In its opinion, the Supreme Court stated that "whether or not the alleged contract was ever made was a sharply disputed issue which was determined by the jury in favor of Hubacek." Upon the original submission of the remanded cause, we were of the opinion that the evidence was sufficient to sustain the finding of the jury, but we have concluded, on Motion for Rehearing, that the same should be sustained and the verdict and judgment of the trial court should be set aside and a new trial granted solely on the ground of insufficiency of the evidence to support the same.

Since the original submission of the remanded cause in this court, we have been furnished with certain affidavits concerning very vital material facts in this case, some of which we shall note briefly. Appellant has furnished this court with an affidavit in which it is stated that after this suit was instituted in the trial court, the Dealer called on certain representatives of the Bank for additional time in which to pay off his admitted obligation when he made no statement whatsoever, verbally, at that time about the parol agreement. The latter called on the Bank's attorney with the request that the suit be postponed until he could raise the funds with which to pay off his indebtedness to the Bank. There was no evidence in these affidavits or elsewhere, which supported or in any wise tended to support the allegations of the Dealer in his pleadings with respect to any parol agreement.

The Dealer testified that he bought notes from another bank in Ennis for approximately three years, under the same terms embraced in the verbal agreement which he had with the Bank. All of the evidence, with the exception of the verbal testimony of the Dealer, shows that the other bank to which appellee referred in his testimony, placed a rebate to the credit of Hubacek by written entries in its books, and by sending out written deposit slips. There was no evidence that the appellant Bank made any such credit entry in its books, the undisputed testimony being to the contrary.

We are well aware of the general rule that in reviewing a case on appeal, the Courts of Civil Appeals are confined to a consideration of such evidence only as was submitted to the trial judge on the trial of the case. It is also the well-settled law in this State that a verdict will not be set aside on account of the insufficiency of the evidence, unless the finding of the jury is so clearly against the overwhelming weight and preponderance of the evidence as manifestly to be wrong and unjust. In support of that holding, see Briscoe v. Bronaugh, 1 Tex. 326; In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660; Grimes v. Mulry, Tex.Civ. App., 280 S.W.2d 343.

We think it would have been entirely unreasonable for the Bank to have entered into a verbal agreement such as was shown in this case by the testimony of Hubacek, and that such unreasonableness rendered the verdict and judgment clearly wrong and unjust in the light of the fact that the Bank made no deposit slips or written records of any kind relating thereto.

In our opinion, it would have been unreasonable, if not in violation of statutory law, for the Bank to have accepted any money tendered to it by the Dealer at the time when it accepted the money paid to it by the Purchaser, if in fact the Bank had entered into a verbal agreement whereby it would not be required to make any written entry in the Bank's books or to the cred-

it of the Dealer. It is a matter of common knowledge that State banks ordinarily keep a complete written record of all of their transactions relating to deposits of money. The statutes regulating State banks and deposits of money impose numerous restrictions on deposits, but the defense interposed herein and the evidence relied upon by the Dealer is entirely equitable.

The majority of the court is of the opinion that the motion filed by Hubacek to strike the affidavits filed by the Bank concerning certain material facts in this case should be sustained, and that will be done. The writer of this opinion entertains the view that such affidavits need not be stricken at this time. We do not mean to hold that such affidavits were admissible before the trial court at the time when they were presented here, but the writer of this opinion thinks it is entirely fitting, proper and essential to the ends of justice that this court, under the existing circumstances, should consider such affidavits. If the Bank actually did verbally agree with the Dealer in this case to hold 2% of payments made to it by the Dealer, to be held as a rebate, but without making any deposit slip to the credit of any person, then in such event the writer of this opinion thinks that that part of the agreement is contrary to law, and should be considered in finally disposing of the case here before us, in so far as another trial in the court below is concerned.

Justice is not blind. When a judgment and verdict are so clearly wrong and unjust as this one, it makes no difference what caused the jury to render such unjust verdict. When there is some evidence in the case tendering an issue or issues of fact, but the evidence is insufficient, it is the duty of the Courts of Civil Appeals to reverse the judgment and remand the cause for another trial, in order that the jury may discharge its duty of resolving the disputed issues of fact in the case.

Accordingly, the judgment of the trial court is reversed and the cause is remanded to the court below for a new trial.

McDONALD, Chief Justice, and TIREY, Justice (concurring).

We are of the view that the verdict of the jury in the court below is against the great weight and preponderance of the evidence, and therefore concur in the judgment reversing and remanding this cause.