**CONSOLIDATED GENERAL PRODUCTS, INC., Appellant,**

v.

**S. J. CATER, Appellee.**

**No. 10748.**

Court of Civil Appeals of Texas.

Austin.

May 18, 1960.

Rehearing Denied June 8, 1960.

**640**

Ross, Banks & May, C. J. Boudreaux, Houston, for appellant.

Schleyer & Bartram, J. C. Reagan, New Braunfels, for appellee.

HUGHES, Justice.

This suit was brought by Consolidated General Products, Inc., against S. J. Cater, doing business as S. J. Cater Distributing Company, to recover the sum of $764.19, interest and attorneys' fees.

The form of the pleading was that adapted to and appropriate in cases filed under Rule 185, Texas Rules of Civil Procedure, relating to suits on sworn accounts, including "a liquidated recovery demand based upon written contract."

Appellee Cater denied the justness of the account under oath except as to the amount of $44.77 which he tendered to appellant.

Appellee specially pleaded that he and appellant entered into a contract whereby he "agreed to accept $746.19 worth of merchandise consisting of awnings and blinds, based on the agreement that (appellant) would accept back and credit (appellee) with any and all of the awnings and blinds that (appellee) was unable to sell."

Appellee also cross-claimed for storage of the blinds and awnings.

Trial was to the court without a jury. Findings of fact and conclusions of law were made and filed. These findings and conclusions sustained the defenses of appellee and his cross-action. The amount due appellee for storage was found to be in the same amount as the admitted liability of appellee. The net effect of the judgment rendered was that appellant recover nothing.

The basis of appellant's claim is a written order, the essential portions of which are:

"Aerolux Stock Aluminum Awning Promotion. Charge to S. J. Cater Dist. Co.—Date 4/26/57. Ship to same via Central Freight June 1st unless otherwise instructed.

"Terms: 1%—10 days, net 30 days to new firms with acceptable credit ratings.

"Please enter our order for Plan B (see back of order) $749.19. [Merchandise desired was described on back of order.]

"Salesman, Mike McFerren (signed)
"Dealer sign here, S. J. Cater (signed.)"

This order was accepted by appellant and the goods ordered were shipped to and received by appellee.

It is our opinion that the order, when accepted, became a valid, binding contract between the parties to this suit.

All the essentials of a written contract for the purchase of merchandise are present, the request for and description of the articles desired, the price, terms of payment, date and means of shipment and signature of purchaser and acceptance by seller. See Sales, 37–A Tex.Jur. p. 137.[1]

1. In Zukin of California v. Price, Tex.Civ. App., 236 S.W.2d 500, we held a sales slip to be a mere confirmation of an oral contract. The differences between the writing there and here are obvious. The writing there listed the items and their prices "Sold to" Price, "Ship as Ready." "Complete May 1st." "This order is not subject to cancellation." It was not signed by Price nor did it contain, as here, the request to "Please enter or order."

■ It follows that evidence was not admissible to establish inconsistent prior or contemporaneous agreements. Hubacek v. Ennis State Bank, Tex., 317 S.W.2d 30.

The pleading of appellee and supporting evidence was to the effect that the order was given by appellee upon the condition and agreement that if the merchandise ordered did not sell by the end of the season, appellant would place the merchandise in another location and appellee would be obligated to pay only for the merchandise actually sold.

■ It is our opinion that this agreement is inconsistent with the written agreement binding appellee to pay 1% of the order in 10 days and the net in 30 days. Under the oral agreement it was possible that appellee would not be required to pay anything. Under the written agreement he was obligated to pay the full amount. There could be no greater inconsistency.

In Belcher v. Hurley, 169 S.W.2d 495, 496, writ ref., w. o. m., the Eastland Court of Civil Appeals considered the admissibility of an oral agreement that unpaid notes not due at the payee's death should be cancelled. In holding this agreement within the parol evidence rule the court, quoting in part from its opinion in a prior case, Robert & St. John Motor Co. v. Bumpass, Tex.Civ.App., 65 S.W.2d 399, stated:

" 'The parol evidence rule forbids the proof of any oral agreement varying the time of payment, or reducing, or increasing the amount stipulated in the written contract to be paid, as for example (of the latter) an agreement that a less sum is to be paid upon a certain contingency or providing for a remission or rebate of a portion of the principal or interest, or providing that payment is to be made in something besides money.' Under that rule the pleaded oral agreement that the notes, if any, not paid and becoming due after the deaths of Amanda A. and T. W.

Belcher should be cancelled, was, we think, an agreement in necessary effect that upon a contingency, not specified in the notes, a part of the notes would not become due, or, in other words, would not constitute obligations according to their purport. It would, therefore, come within the operation of said rule."

■ Appellant is entitled to recover in the amount sued for unless we sustain appellee's last point which presents the question that the order given was induced by fraud.

Appellee pleaded fraud in this language:

"The oral representations made by the agent of the Plaintiff, Mike McFerren, were material to the transaction, and were to the effect that if the goods which the Defendant ordered from the Plaintiff did not sell during the spring and summer of 1957, that at the end of that season the Plaintiff would take back the goods, crediting the Defendant with that amount, and would move the goods to another location at Plaintiffs' expense, and that the Defendant relied upon such representations, and but for this reliance upon the representations, he would not have entered into the contract."

The Trial Court made findings consistent with this pleading.

We are of the opinion that such pleading and findings are insufficient to establish actionable fraud. We believe the law on this subject to be well stated in Jones v. Guilford Mortgage Co., 120 S.W.2d 1081, 1083, Dallas Court of Civil Appeals, as follows:

"No fact or circumstance is alleged by appellant, either showing or tending to show that his signature to the documents in question was obtained by any trick or artifice, or that he was illiterate or laboring under any physical or mental disability; or that there existed any relationship of confidence be-

tween the parties, or any other fact, forbidding the conclusion that, in executing the documents, appellant either knew and understood their contents, or else was guilty of negligence in failing to read or otherwise familiarize himself with the same.

"Instruments executed under such circumstances are binding, are not subject to cancellation or to be reformed on the idea that their execution was induced by fraud."

Continuing the Court quoted with approval the following excerpt from 6 R.C.L. 624–625:

"If the contract is plain and unequivocal in its terms he is ordinarily bound thereby. It is the duty of every contracting party to learn and know its contents before he signs and delivers it. He owes this duty to the other party to the contract, because the latter may, and probably will, pay his money and shape his action in reliance upon the agreement. To permit a party, when sued on a written contract, to admit that he signed it but to deny that it expresses the agreement he made, or to allow him to admit that he signed it but did not read it or know its stipulations, would absolutely destroy the value of all contracts. The purpose of the rule is to give stability to written agreements, and to remove the temptation and possibility of perjury, which would be afforded if parole evidence was admissible * * *."

See also Walker v. Citizens National Bank of Waco, 212 S.W.2d 203, writ ref., N.R.E., Waco Court of Civil Appeals.

There are no circumstances present here which bring appellee within any of the exceptions to the general rule relating to the binding effect of written contracts. Appellee simply relied upon a prior oral agreement which was inconsistent with the plain terms of the written contract signed by him.

Under the above authorities this does not constitute fraud.

It is our opinion that appellant was entitled to recover the amount of its unpaid account, interest and attorneys' fees.

Since the appellant did not recover in the Trial Court the amount of reasonable attorneys' fees was not determined. We therefore, reverse this cause for the purpose of determining the amount of such fees and, having done so, the Trial Court is instructed to render judgment for appellant in accordance with this opinion.

Reversed and remanded with instructions.