TEODORO ROLÓN MARRERO, Plaintiff and Appellee, *v.* JUAN RIVERA MALAVÉ, Defendant and Appellant.

No. 32. Decided June 21, 1962.

*Abelardo Román Font* for appellant. *Isaías M. Crespo* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM.

Teodoro Rolón Marrero purchased from Juan Rivera Malavé, for the price of $4,000, a house which was encumbered by a mortgage to secure a note to bearer for the sum of $2,000, payable upon presentation. No payment was tendered when the deed of sale was executed, and in order to secure the payment of $4,000 plus $200 which the vendor advanced to defray the expenses of the transaction, the vendee signed a note for $4,200, payable upon presentation, which was secured by a second mortgage on the real property object of the sale. It was expressly agreed that the $4,200 would earn interest at 8 per cent annually, payable in monthly instalments as it became due.

The debtor brought the present action praying "that the mortgage deed securing the mortgage bond of $4,200 referred to above be declared null and void as to the interest on such obligation, and/or declaring that the plaintiff is not bound to pay interest to the defendant on such debt." The plaintiff also prayed that it be declared that he had the right to retain the sum of $2,500 to pay off the mortgages which encumbered the real property, and further that the defendant be ordered to pay to the plaintiff "(a) the sum of $800 on account of estimated interest, or such amount as may be owed, on the mortgages which encumber the property; (b) the sum of $65.32 on account of the payments made by the plaintiff for the account of the defendant; and (c) the sum of $100 to defray the expenses incurred in the cancellation of the liens which encumber the property."

The trial court rendered judgment "declaring null and void the deed securing the mortgage bond for $4,200 referred to above as to the interest on such obligation, and the plaintiff is not bound to pay to the defendant interest on such debt; it is further declared that the plaintiff has the right to retain the sum of $2,500 to pay off the mortgages . . . The defendant is ordered to pay to the plaintiff the sum of $800 on account of interest estimated, or such amount as may be owed, on the mortgages which encumber the property described hereinabove". And it concludes by ordering him to pay the sum of $65.32 representing payments made for the account of the defendant and $100 to defray the expenses incurred in the cancellation of the liens which encumber the property.

 As we have seen, it was expressly agreed that the obligation of $4,200 would earn interest at 8 per cent annually. Section 25 of the Law of Evidence, 32 L.P.R.A. § 1668, does not permit the introduction of evidence to vary the terms of a written contract. In *Torrech* v. *Ramos*, 83 P.R.R. 169 (1961), we said: "Extrinsic evidence is not admissible to alter the terms of a written contract except in the cases enumerated in § 25 of the Law of Evidence, or to show what was the real transaction between the parties and the real consideration." It has been held that an express provision to pay interest, as in the case at bar, renders ineffective a verbal agreement not to pay them. 3 CORBIN, Contracts 368, 369, § 573, footnote 10 (1960); *cf. Consolidated General Products Inc.* v. *Carter*, 336 S.W.2d 639 (Tex. 1960). In addition to the statement made by the plaintiff himself, it appears that he admitted that he bound himself to pay interest on the loan which encumbered the property and which he took over.

"Q. So Juan Rivera Malavé paid the note, the $1,200,[1] and the interest to you?

A. I started to pay the interest to Porfirio Dorta.

Q. How much did you pay him?

A. Every month I paid him $12.

Q. Why did you pay them to him?

A. Because I assumed the payment of the interest. I paid the $12 on $1,200 which corresponded to Porfirio Dorta, because when I purchased the property he and I agreed that if I could not pay those $1,200 I would pay interest thereon."

The evidence established that the $4,200 note subscribed by the plaintiff included the debt to Porfirio Dorta. Thus, he himself admits that he was compelled to pay interest on part of the debt.

The judgment provides that the plaintiff shall retain $2,500 to pay off the liens which encumber the real property. Regarding the $2,000 lien, on March 14, 1962 we affirmed a judgment ordering the plaintiff to pay those $2,000 to the holder of the obligation which represented that debt. *Pagán* v. *Rolón*, Civil No. 12649, judgment of March 14, 1962. As respects the $500 lien, the evidence shows, and the trial judge himself so recognizes, that it was paid off and that the property is free from that encumbrance.

Referring to the judgment of $800 to pay the interest due on the liens which the plaintiff took over when he purchased the property, apart from the fact that he did not establish how much money was due for that account, we have seen that the plaintiff expressly admitted that he bound himself to pay the interest on one of the mortgages. As respects the $500 lien, the property was not subject to it.

Regarding the $100 item, there is nothing in the evidence to establish that when the defendant sold the house to the plaintiff he bound himself to pay the expenses of the cancel-

---

[1] The real property secured a $2,000 note to bearer. At the time of the operation that note secured a loan for $1,200 but subsequently it secured one for $2,000.

lation of the liens which encumbered the property. Actually, it is very unlikely that the vendor would have assumed the payment of the expenses of cancellation of a lien which the vendee bound himself to pay. This is not the usual manner of doing business. And as respects the $65.32 item, the evidence shows that the plaintiff paid arrears of taxes corresponding to three semesters. It was the vendor's duty to pay these taxes. The sum paid for this account amounted to $59.26. There is nothing in the evidence to justify the judgment for the remainder up to the sum of $65.32.

Judgment will be rendered in accordance with the terms of this opinion.