TEODORO ROLÓN MARRERO, demandante y recurrido, *v.* JUAN RIVERA MALAVÉ, demandado y recurrente.

*Número:* 32      *Resuelto:* 21 de junio de 1962

*Abelardo Román Font,* abogado del recurrente; *Isaías M. Crespo,* abogado del recurrido.

Sala integrada por el Juez Presidente señor Negrón Fernández y los Jueces Asociados señores Blanco Lugo y Dávila.

PER CURIAM: Teodoro Rolón Marrero compró por precio de $4,000 una casa a Juan Rivera Malavé que estaba afecta a una hipoteca en garantía de un pagaré al portador por la suma de $2,000 con vencimiento a presentación. No se hizo

pago alguno al otorgarse la escritura de compraventa, y para garantizar el pago de los $4,000 más $200 que el vendedor adelantó para sufragar los gastos de la transacción, el comprador firmó un pagaré por $4,200 pagadero a presentación y se garantizó su pago mediante la constitución de una segunda hipoteca, sobre el inmueble objeto de la compraventa. Expresamente se convino que los $4,200 devengarían por concepto de interés, el 8% anual, pagadero por mensualidades vencidas.

El deudor instó la presente acción para que se declarara "nula y sin valor alguno la escritura de hipoteca para garantizar el Bono Hipotecario de $4,200 antes mencionado en cuanto a los intereses sobre dicha obligación y/o declarando que el demandante no está obligado a pagar al demandado intereses sobre dicha deuda". Interesaba además el demandante que se declarara que tenía derecho a retener la suma de $2,500 para pagar las hipotecas que afectaban al inmueble y que además se condenara al demandado a pagar al demandante "(a) la suma de $800 por intereses estimados, o la cantidad que se adeude, sobre las hipotecas que pesan sobre la finca, (b) la suma de $65.32 por los pagos que hiciera el demandante por cuenta del demandado y (c) la suma de $100 para cubrir los gastos para cancelar los gravámenes a que está afecta la finca.

Al dictar sentencia el tribunal de instancia "declara nula y sin valor alguno la escritura para garantizar el Bono Hipotecario de $4,200 antes mencionado en cuanto a los intereses sobre dicha obligación, y el demandante no está obligado a pagar al demandado intereses sobre dicha deuda; se declara asimismo que el demandante tiene derecho a retener la suma de $2,500 para pagar las hipotecas adeudadas..." "Se condena al demandado a pagar al demandante la suma de $800 por intereses estimados, o la cantidad que se adeude, sobre las hipotecas que pesan sobre la finca antes descrita..." Y termina condenándolo a pagar la suma de $65.32 por los pagos que hiciera por cuenta del demandado y $100 para

cubrir los gastos para cancelar los gravámenes a que está afecta la finca. ▮

Como hemos visto expresamente se convino que la obligación de $4,200 devengaría intereses al 8% anual. El Art. 25 de la Ley de Evidencia, 32 L.P.R.A. sec. 1668, impide la presentación de prueba para desvirtuar los términos de un contrato escrito. En *Torrech* v. *Ramos*, 83 D.P.R. 174 (1961) dijimos: "No es admisible evidencia extrínseca para variar los términos de un convenio escrito, excepto en los casos enumerados en el propio art. 25 de la Ley de Evidencia, o para demostrar cuál fue la verdadera transacción entre las partes y la causa verdadera". Se ha sostenido que una disposición expresa de pagar intereses como ocurre en el caso de autos, deja sin efecto un convenio verbal de no pagarlos. 3 Corbin, *Contracts*, § 573, escolio 10, págs. 368, 369 (1960); Cf. *Consolidated General Products Inc.* v. *Carter*, 336 S.W.2d 639 (Tex 1960). Además de la declaración del propio demandante surge que él admitió que se obligó a pagar los intereses sobre el préstamo que gravaba la finca y que él asumió.

"P.—Entonces ese pagaré, los mil doscientos dólares([1]) y los intereses se los pagó Juan Rivera Malavé.

R.—Los intereses empecé yo a pagarlos a Porfirio Dorta.

P.—¿Cuánto le pagó?

R.—Todos los meses le pagaba doce pesos.

P.—Porqué se los pagaba?

R.—Porque yo me hice cargo de pagar los intereses. Yo pagué los doce pesos que correspondían a los mil doscientos, que correspondían a Porfirio Dorta, porque él y yo acordamos cuando yo le compré esa propiedad, y acordamos que si yo no le podía pagar esos mil doscientos dólares, yo le pagaba los intereses por esos mil doscientos."

La prueba estableció que en el pagaré firmado por el demandante por la cantidad de $4,200, estaba incluída la deuda a Porfirio Dorta. Así él mismo admite que se le obligó a pagar intereses sobre una parte de la deuda.

---

([1]) El inmueble garantizaba un pagaré al portador por $2,000. Al momento de hacerse la transacción ese pagaré garantizaba un préstamo de $1,200, pero posteriormente garantizó uno por $2,000.

Dispone la sentencia que el demandante debe retener $2,500 para pagar los gravámenes que afectan el inmueble. En cuanto al gravamen de $2,000 concierne, el día 14 de marzo de 1962, confirmamos una sentencia que condenaba al demandante a pagar esos $2,000 al tenedor de la obligación que representaba esa deuda. *Pagán* v. *Rolón*, Civil Núm. 12649, Sentencia de 14 de marzo de 1962. En cuanto al gravamen de $500, la prueba revela y el propio juez sentenciador así lo reconoce que el mismo fue satisfecho y que la finca está libre de ese gravamen.

Refiriéndonos a la condena de $800 para pagar los intereses que se adeudan sobre los gravámenes que asumió el demandante al comprar la finca, aparte del hecho de que no probó cuánto se adeudaba por este concepto, ya hemos visto que el demandante expresamente admitió que se obligó a pagar los intereses de una de las hipotecas. En cuanto al de $500, la finca no estaba afecta a ese gravamen.

Respecto a la partida de $100, nada hay en la prueba que establezca que el demandado al venderle la casa al demandante se obligó a satisfacer los gastos de cancelar los gravámenes que afectaban la finca. Es realmente muy improbable que el vendedor hubiera asumido el pago de los gastos de cancelación de un gravamen, que el comprador asumió pagar. Esa no es la forma usual de hacer negocios. Y en cuanto a la partida de $65. 32 la prueba demuestra que el demandante satisfizo contribuciones atrasadas correspondientes a tres semestres. Era obligación del vendedor el pago de estas contribuciones. La suma pagada por este concepto ascendió a $59.26. Nada hay en la prueba que justifique la condena, por el remanente hasta la cantidad de $65.32.

*Se dictará sentencia de acuerdo con lo expuesto en esta opinión.*