**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Appellant,**

v.

**James L. HIGHTOWER, Appellee.**

**No. 14061.**

Court of Civil Appeals of Texas.

Houston.

March 14, 1963.

Rehearing Denied April 18, 1963.

Vinson, Elkins, Weems & Searls, Sam W. Davis, Jr., Houston, for appellant.

Bill Allen, Houston, Hill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, of counsel, for appellee.

COLEMAN, Justice.

Appellant Insurance Company has appealed from a judgment by which appellee Hightower was awarded compensation under the Texas Workmen's Compensation Act for total and permanent disability. It is appellant's contention that there was no evidence to support the finding of the jury that appellee's disability was permanent, or, in the alternative, insufficient evidence, or that such finding was so against the great weight and preponderance of the evidence as to be clearly wrong.

Appellee's back was injured when he fell down some stairs. He was immediately carried to Dr. Ralph Liles, who treated him for about six weeks. After Dr. Liles dis-

continued his treatment, appellee was treated by Dr. Marion J. McCallum for about nine months until the time of this trial. Appellee was examined by an orthopedic surgeon selected by Dr. McCallum and, at the request of appellant, by a specialist designated by agreement of counsel. Neither of these specialists testified at the trial.

Dr. McCallum received Pre-Medical and M. D. degrees from the University of Colorado. He served an internship at the Denver General Hospital, where he had the opportunity to observe, and assist in, the treatment of numerous injury cases. He served in the Air Force as a doctor and treated injury cases. He practiced his profession for some years in Colorado, where he was company physician for three coal mining companies. Since 1949 he has practiced medicine in Harris County, Texas, and he estimated that 15% to 20% of his practice consisted of caring for injuries as distinguished from illnesses caused by disease.

Dr. McCallum testified that the injury suffered by appellee resulted in an injured intervertebral disk permitting pressure on nerve roots. It was his opinion based on reasonable medical probability that the condition was permanent and that treatment other than surgery would result in no permanent improvement. He testified that appellee was not able to perform the usual tasks incident to manual labor in such a manner as to be able to obtain and retain employment.

Appellee testified that during the year prior to his injury he had worked either five or six days in each week with one exception; that he had been with the same employer for four years during which time he had suffered two other injuries, but that he had not filed claims for compensation although he had been paid weekly benefits for a short time while he was unable to work. He testified that he had tried to work to get enough money to buy food and essentials for himself and his wife, who had been forced to undergo a serious operation;

that he had secured several positions, but was unable to do the work and either was not retained by his employer or had to quit the job. In the year following his injury, he was able to work only nine weeks.

Appellant contends that Dr. McCallum testified that he was not an expert and that his testimony would amount to no more than a scintilla of evidence. The record reflects that the doctor testified that the operation which he thought would benefit appellee probably belonged to specialists in bone and joint work; that he was not an expert, but that he had assisted in such operations.

The doctor's testimony was clear and satisfactory. While he admitted that many of the recognized tests used to demonstrate nerve root irritation were negative, and his testimony shows that he had little objective evidence on which to base his diagnosis, these were matters proper for consideration in weighing his testimony but did not render it inadmissible. Dr. McCallum's experience and training were properly placed in evidence and qualified him to testify to opinions on medical matters as an expert.

The only witness called by appellant was Dr. Liles, who testified that in his opinion appellee would not have been disabled from doing his regular work within a week or ten days after he last saw him. He testified concerning his examination and treatment of appellee and that in his opinion he might have suffered a muscular strain or bruise in the fall. He did not examine appellee after he released him to go back to work.

A careful consideration of all the testimony leads us to the conclusion that the answers made by the jury to the issues submitted by the court are supported by sufficient evidence of probative force and are not so contrary to the weight and preponderance of the evidence as to be clearly wrong. Trinity Universal Insurance Company v. Scott, Tex.Civ.App., 342 S.W.2d 348, writ ref., n. r. e.; Texas General Indemnity Company v. Bledsoe, Tex.Civ.App., 344 S.W.2d 527, writ ref., n. r. e.; Amer-

ican General Insurance Company v. Florez, Tex.Civ.App., 327 S.W.2d 643; Traders & General Insurance Company v. Nored, Tex. Civ.App., 341 S.W.2d 492, writ ref., n. r. e.

The judgment of the trial court is affirmed.