**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**Jack L. SCOTT, Appellee.**

No. 16157.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 6, 1961.

Rehearing Denied Feb. 3, 1961.

Jones, Parish, Fillmore, Robinson & Lambert, and Harold Jones, Wichita Falls, for appellant.

Mock, Spell & Schenk, and Kenneth C. Spell, Jr., Wichita Falls, for appellee.

MASSEY, Chief Justice.

The primary question posed on this appeal is whether or not, under the Texas Workmen's Compensation Act, Vernon's Ann.Tex.St., Art. 8306 et seq., an injured workman may secure a valid judgment for total and permanent disability when he is at time of the trial actually earning money in excess of the wages upon which his weekly compensation is calculated.

We do not consider this to be an open question in view of prior decisions upon the matter. Where there is prima facie proof in the record which supports the judgment of a trial court for compensation by reason of total and permanent incapacity, the judgment will not be reversed merely because there is evidence in the same record which establishes that the disabled employee is in fact working and earning money. This is true regardless of the amount of money being earned. Proof thereof constitutes part of the factual evidence which may and should be taken into consideration by the jury in answering the issues upon incapacity or disability, but

does not, as a matter of law, preclude the award of compensation even for total and permanent disability.

We have been cited to a great many authorities in which such holding in the instant case finds support and which we will list for any future necessity of reference: Employers' Liability Assur. Corp., Ltd. v. Williams, Tex.Civ.App., Galveston 1927, 293 S.W. 210, writ dism.; Hartford Accident & Indemnity Ins. Co. v. Miller, Tex. Civ.App., Amarillo 1928, 5 S.W.2d 181, writ dism.; Norwich Union Indemnity Co. v. Rollins, Tex.Civ.App., Galveston 1928, 8 S.W.2d 699; Norwich Union Indemnity Co. v. Wilson, Tex.Civ.App., Dallas 1929, 17 S.W.2d 68, writ. dism.; Aetna Life Ins. Co. v. Bulgier, Tex.Civ.App., Dallas 1929, 19 S.W.2d 821, writ ref.; Davies v. Texas Employers' Ins. Ass'n, Tex.Com.App.1930, 29 S.W.2d 987; Texas Indemnity Ins. Co. v. Gannon, Tex.Civ.App., El Paso 1931, 38 S.W.2d 181, writ dism.; Texas Employers' Ins. Ass'n v. Teel, Tex.Civ.App., Eastland 1931, 40 S.W.2d 201, no writ history; Maryland Casualty Co. v. Dicken, Tex.Civ. App., Dallas 1935, 80 S.W.2d 800, writ dism.; National Indemnity Underwriters of America v. Cherry, Tex.Civ.App., El Paso 1937, 110 S.W.2d 115, no writ history; Texas Employers Ins. Ass'n v. Roberts, Tex.Civ.App., Fort Worth 1938, 116 S.W. 2d 417, reversed on other grounds, 135 Tex. 123, 139 S.W.2d 80; Federal Underwriters Exchange v. Ener, Tex.Civ.App., Beaumont 1939, 126 S.W.2d 769, writ dism., judgment correct; Southern Underwriters v. Stubblefield, Tex.Civ.App., Amarillo 1939, 130 S.W.2d 385, no writ history; Traders & General Ins. Co. v. Daniel, Tex. Civ.App., El Paso 1939, 131 S.W.2d 276, writ dism., judgment correct; Southern Underwriters v. Grimes, Tex.Civ.App., San Antonio 1940, 146 S.W.2d 1058, writ dism., judgment correct; Traders & General Ins. Co. v. Wilder, Tex.Civ.App., Galveston 1943, 186 S.W.2d 1011, writ ref.; Traders & General Ins. Co. v. Collins, Tex.Civ.App., Galveston 1944, 179 S.W.2d 525, writ ref., w. m.; Texas Employers' Ins. Ass'n v. Mal-lard, Tex.Civ.App., Galveston 1946, 192 S.W.2d 302, writ ref., n. r. e.; Texas Employers Ins. Ass'n v. Dickerson, Tex.Civ. App., Austin 1946, 194 S.W.2d 146, writ ref. n. r. e.; Traders & General Ins. Co. v. Heath, Tex.Civ.App., Galveston 1946, 197 S.W.2d 130, writ ref., n. r. e.; Trinity Universal Ins. Co. v. Rose, Tex.Civ.App., Eastland 1949, 217 S.W.2d 425, writ ref., n. r. e.; Texas Employers' Ins. Ass'n v. Locke, Tex.Civ.App., Fort Worth 1949, 224 S.W. 2d 755, writ ref., n. r. e.; Texas Indemnity Ins. Co. v. Bonner, Tex.Civ.App., Waco 1950, 228 S.W.2d 348, writ ref., n. r. e.; Texas State Highway Dept. v. Kinsler, Tex.Civ.App., Beaumont 1950, 230 S.W.2d 364, writ ref.; Texas Employers' Ins. Ass'n v. Scott, Tex.Civ.App., Amarillo 1950, 233 S.W.2d 171, writ ref., n. r. e.; Pacific Employers Ins. Co. v. Brasher, Tex.Civ.App., Austin 1950, 234 S.W.2d 698, writ ref., n. r. e.; Texas Employers' Ins. Ass'n v. Evers, Tex.Civ.App., Amarillo 1951, 242 S.W.2d 906, writ ref., n. r. e.; Texas Employers' Ins. Ass'n v. Rollins, Tex.Civ.App., El Paso 1953, 257 S.W.2d 851, no writ history; Aetna Casualty & Surety Co. v. Dickinson, Tex.Civ.App., Amarillo 1954, 266 S.W.2d 427, no writ history; Superior Insurance Co. v. Burnes, Tex.Civ.App., Galveston 1955, 278 S.W.2d 934, writ ref., n. r. e.; American General Insurance Co. v. Bailey, Tex.Civ.App., Galveston 1956, 287 S.W.2d 290, writ ref., n. r. e.; Texas Employers' Ins. Ass'n v. Hadley, Tex.Civ.App., San Antonio 1956, 289 S.W.2d 809, no writ history; Gulf Casualty Co. v. Jones, Tex.Civ. App., Texarkana 1956, 290 S.W.2d 334, writ ref., n. r. e.; Consolidated Casualty Ins. Co. v. Baker, Tex.Civ.App., Waco 1956, 297 S.W.2d 706, writ ref., n. r. e.; Texas Employers' Ins. Ass'n v. Goforth, Tex.Civ. App., Eastland 1957, 307 S.W.2d 610, writ ref., n. r. e.; Consolidated Casualty Ins. Co. v. Smith, Tex.Civ.App., Houston 1958, 309 S.W.2d 80, writ ref., n. r. e.; Texas Employers' Ins. Ass'n v. Johnson, Tex.Civ. App., Amarillo 1959, 323 S.W.2d 345, writ ref., n. r. e.; Muro v. Houston Fire & Casualty Ins. Co., Tex.Civ.App., San Antonio 1959, 329 S.W.2d 326, writ ref., n. r. e.;

Texas Employers' Ins. Ass'n v. Price, Tex. Civ.App., Eastland 1960, 336 S.W.2d 304; Travelers Ins. Co. v. Jordan, Tex.Civ.App., Dallas 1960, 339 S.W.2d 235, application for writ of error pending; Travelers Ins. Co. v. Truitt, 5 Cir., 1960, 280 F.2d 784; see also 45 Tex.Jur., p. 588, "Workmen's Compensation", sec. 161 "—Effect of Gainful Employment".

In points of error the appellant, Trinity Universal Insurance Company, raises the points of "no evidence", "insufficient evidence", and "contrary to the great weight and preponderance of the evidence", as applied to pertinent issues in the charge and the judgment entered based upon the jury's answers thereto. By additional points of error it is asserted that the evidence establishes that the appellee, Jack L. Scott, was only partially disabled within the meaning of the Texas Workmen's Compensation Law and that such was established by the testimony of Scott himself, which testimony was such that a judgment for total and permanent disability was inhibited.

We have examined the evidence in the record, to which we were directed by the parties in their briefs, and have concluded that there is no merit to the points and they are overruled. We recognize the importance of the question as to whether evidence received from the lips of the injured workman might be such as would render the jury finding of permanent and total disability contrary to the great weight and preponderance of the evidence, and, if his testimony should be such as apparently inhibited such a finding, the highly difficult analysis of the whole of the evidence in the case in order to determine the proper answer to the question. However, we find nothing in the testimony received from Scott which purports to establish that his incapacity to work and labor is partial rather than total, or temporary rather than permanent. Therefore we are not laden with the burden of such difficult analysis.

Three final points of error are directed to the trial court's allowance of the introduction into evidence of a question asked of an orthopedic surgeon who examined Scott for the purpose of testifying in his behalf upon the trial. The surgeon's deposition had been taken. It was from this deposition that the question and answer were sought to be introduced. It was examined by the court in light of the objection made by the insuring company, after which it was ordered received. The objection to the question was that it invaded the province of the jury and omitted, if considered as a hypothetical question, certain basic requirements as laid down by the Supreme Court for total disability, to-wit: whether the injured person could do some, or enough, of the ordinary tasks of a workman to procure and retain employment, and whether or not he could perform some other services or work at a less remunerative pay than theretofore performed. Further, that the question did not give a ·correct definition of total disability.

The question was: "Assuming, Doctor, that the legal definition of total disability as opposed to what any medical definition, assume that the legal definition of total disability will say that a man is totally disabled when he cannot secure and retain employment requiring him to do the usual and ordinary tasks of a workman, using that definition as a basis, would you characterize this man's disability as total?" The doctor's answer was, "Yes, sir".

In its brief the company acknowledges that the decision and holding of Federal Underwriters Exchange v. Cost, 1938, 132 Tex. 299, 123 S.W.2d 332, is seemingly against its contention. However, the company contends that the form of the question fails to limit the doctor witness in his answer thereto to the evidence before the jury or to the information acquired by him during his medical examination. It is noted that the objection made in the trial court did not embrace this element. In the late stages of Scott's first direct interrogation of the doctor his counsel predicated several of the questions with the words, "Now, based upon your physical examina-

tion * * *." Through such questions counsel elicited answers which prima facie established that Scott was totally and permanently disabled. The cross-examination which followed was primarily directed to the end of prevailing upon the witness to qualify his previously expressed opinion so as to show that the injured man could perform the duties of employment of a salesman, postman, etc. When taken back on re-direct examination the question was asked to which the objection was made. Construably, we believe the circumstances are such as make it proper to treat the testimony as having been based upon the doctor's physical examination and findings therefrom made even had the objection been broad enough to embrace the company's contention. Further, we think the question gave, in so far as was necessary, a proper definition of total disability under the Texas Workmen's Compensation Act.

The points of error are overruled.

Judgment is affirmed.