**William J. JOSEPH, Appellant,**

v.

**The MAHONEY CORPORATION, Appellee.**

**No. 11070.**

Court of Civil Appeals of Texas. Austin.

April 17, 1963.

Rehearing Denied May 18, 1963.

**214**

Cofer, Cofer & Hearne, Austin, for appellant.

Powell, Rauhut, McGinnis, Reavley & Lochridge, Larry E. Temple, Donald F. Nobles, Morgan Hunter, Austin, for appellee.

ARCHER, Chief Justice.

Plaintiff sued defendant upon a written lease contract executed on April 5, 1956, covering premises leased from plaintiff to defendant at 1008 and 1010 Congress Avenue.

Paragraph 7 provided:

"It is agreed that Lessee shall pay all taxes in excess of taxes assessed against said property over and above City, County and State taxes for the year 1951."

It is stipulated that, if owned by defendant, plaintiff is entitled to the amount in the judgment, $2,710.52, with legal interest at 6%, from October 2, 1962. No attorneys fees were allowed.

Defendant answered alleging that paragraph 7 was placed in the lease agreement through mistake in recopying the previous lease contract; and by trial amendment pled estoppel based upon representation under which defendant was induced to sign the lease.

The motion for summary judgment by plaintiff was overruled; and the case was submitted to a jury on special issues, only one of which was answered. The verdict, however, was not signed.

Issue No. 1 inquired if Paragraph 7 was placed in the lease by mistake and they answered that it was not. Issue No. 2 inquired if Mr. Mueller, prior to defendant's signing the lease, told Mr. Pihlgren that Paragraph 7 had been placed in the lease through mistake, and that the defendant Joseph would not be billed for the taxes. The jury did not answer this issue.

Issue No. 3 inquired if Pihlgren conveyed such message to Joseph. This issue was not answered. Two more issues, conditioned on affirmative answers to the prior issues, inquiring if Joseph relied upon the statement in signing the lease, and if Joseph would not have signed the lease with Paragraph 7 in it, but for such statement. The jury being unable to agree was discharged.

The plaintiff filed a motion for judgment which was sustained and judgment was entered for plaintiff.

The appeal is predicated upon two points, and are that the Court erred, after discharging the jury, in rendering judgment, because there was a jury issue raising a valid defense on the ground of estoppel, and that the Court should have declared a mistrial.

Appellee's position is, that this is a case for application of the Parol Evidence Rule, and that there is not such exception to the Parol Evidence Rule as the "promissory estoppel" proposition sought to be introduced by appellant and the rule may not be avoided under the doctrine of "scrivener's mistake," and that the lease agreement was a fully "integrated agreement."

We believe that the Trial Court was justified in rendering the judgment and that the judgment should be affirmed.

There is no question but that appellant, Joseph, signed the first lease contract with the tax provision in it and paid the excess taxes in addition to the rent for the years 1952, 1953 and 1954, and the evidence of appellant concerns his contention that at the time he signed the lease in 1956 his understanding was that he would not be required to pay the excess taxes and could disregard the provisions of Paragraph 7.

Appellant testified that he made numerous improvements aggregating in excess of $5,000.00 on the premises and was not called on to make tax payments thereafter. Mr. Joseph further testified as to a conversation he had with Arthur E. Pihlgren, prior to 1956, concerning the excess tax payments and that Pihlgren told him to sign the lease and that he, Pihlgren, had talked to R. G. Mueller, who had said everything will be alright, not to worry about anything, and Joseph further testified that except for the statement made to him by Pihlgren he would not have signed the lease.

■ We do not believe that appellant can be allowed to vary the terms of the lease by parol evidence.

Robertson v. City Nat. Bank of Bowie, 120 Tex. 226, 36 S.W.2d 481.

In Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30 (1958), the Supreme Court stated the Parol Evidence Rule as follows:

"The parol evidence rule is not a rule of evidence at all, but a rule of substantive law. * * *

"When parties have concluded a valid integrated agreement with respect to a particular subject matter, the rule precludes the enforcement of inconsistent prior or contemporaneous agreements. * * *" (See Tex.Civ.App., 322 S.W.2d 409 and 159 Tex. 576, 325 S.W. 2d 124)

We do not believe that there is an exception to the Parol Evidence Rule as a promissory estoppel as is introduced by appellant, in contending for such and in citing a number of cases and texts, such as I Restatement of the Law of Contracts, Sec. 90, p. 110, Continental Casualty Co. v. Bock et al., Tex.Civ.App., 340 S.W.2d 527, er. ref., n. r. e.

There can be little, if any, difference between an oral *agreement* to vary the terms of a written agreement which may not be enforced, and a contemporaneous oral *promise* to disregard a written agreement.

In Mitcham v. London, Tex.Civ.App., 110 S.W.2d 140, no writ history, this Court discussed parol agreements in considerable detail and we refer to the holding without reciting such holding herein.

■ The Parol Evidence Rule may not be here avoided under the doctrine of "scrivener's mistake."

The parties to the lease agreement knew the contents of the written lease, and the "scrivener's mistake" exception is not applicable.

13 Tex.Jur.2d, "Contracts," Sec. 258, page 483.

Lott v. Kaiser et al., 61 Tex. 665, Luckenback et al. v. Thomas et al., Tex.Civ.App., 166 S.W. 99, no writ history.

The lease agreement was a fully integrated agreement within the meaning of the decisions of our Supreme Court, and particularly in Hubacek v. Ennis State Bank, supra.

Beeson v. Marshall, Tex.Civ.App., 353 S.W.2d 234, er. ref., n. r. e.

We give a careful consideration to 3 Corbin on Contracts, Sec. 573 et seq. and other texts as presented by appellant and the several cases cited, but believe we have applied the law as existing now in this State.

The judgment of the Trial Court is affirmed.

Affirmed.