**W. A. JENNINGS, Jr., Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 4393.**

Court of Civil Appeals of Texas.

Waco.

Sept. 30, 1965.

**128**

Bob J. Spann, McDonald & Spann, Corpus Christi, for appellant.

James W. Wray, Jr., Lewright, Dyer & Redford, Corpus Christi, for appellee.

WILSON, Justice.

The only question in this workmen's compensation case is whether the jury's finding of claimant's average daily wage before his injury is supported by any evidence of probative force. We hold it is, and affirm.

The jury found the average daily wage was $20. The claimant says the only evidence on the issue is his testimony that he worked 251 days in the year before he was injured, during which he earned $5,685, and as a matter of arithmetic a finding of $22.65 as an average daily wage was required.

Claimant testified at one point that he "worked 251 days" in the preceding twelve months. He qualified this evidence however by stating that his method of estimation was to "just go back and just sort of calculate what an average day—what your daily wage was—and figure out how many days" from withholding tax statements showing wages received; that his computation was "a relative guess"; that he calculated the number of days "figured upon my wage statements, or withholding slips, figuring the amount of the check more or less by the wage rate. It is not figured by the days and hours of the week." He estimated the number of days by dividing. Appellant's objection to the exhibit concerning the calculation was that "it is obviously a weak calculation." There is other evidence as to specific wages from which varying estimates are authorized, and which will support the jury finding.

If the testimonial declarations of a party, though adverse to his interests, are to bar his recovery, or be held to be conclusive admissions, they must not be merely contradictory of some other portion of his testimony; and they must be deliberate, clear, and unequivocal. Robinson v. Ashner, Tex.Sup., 364 S.W.2d 223, 226; United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224, 229, writ ref. The testimony of claimant is not within these rules. Affirmed.