**Leland A. PREWITT, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 4908.

Court of Civil Appeals of Texas, Waco.

Dec. 17, 1970.

Rehearing Denied Jan. 14, 1971.

Mullinax, Wells, Munzy & Collins, John E. Collins, Dallas, for appellant.

Gardere, Porter & DeHay, G. Duffield Smith, Jr., Dallas, for appellee.

## OPINION

HALL, Justice.

This is a suit for workmen's compensation. Appellant was injured in the course and scope of his employment as an electrician. A series of events resulted in a severe laceration of his left arm when he was left dangling with the arm across a sharp sheet metal "lip" on an air-conditioning duct. He also sustained a blow to his left shoulder and the back of his head when he was caused to fall backward onto a stack of sheetrock while he was being extricated by fellow employees. He was taken to Parkland Hospital in Dallas. There, surgery was performed repairing the severed brachial artery of his left arm, and damage to the median, ulnar and musculotaneous nerves at the site of the wound. According to the hospital records, the laceration was "just above the elbow along the medial surface."

Appellant remained in the hospital for five days, then continued his recuperation at home. During that time, and after, he was treated by doctors selected by appellee. He returned to work eighteen weeks after his injury.

Appellant pleaded that the injury totally incapacitated him for a period of 40 weeks; that his total incapacity was "followed by a period of permanent partial incapacity;"

that, alternatively, he sustained an injury to his left arm which "extended to and affected his shoulder and neck thereby causing permanent incapacity to his shoulder and neck;" that, alternatively, he suffered a total loss of use of his left arm; and that appellee failed and refused to furnish necessary medical aid in the sum of $300.90. Appellee pleaded that any incapacity sustained by appellant was partial and temporary and had terminated; that, alternatively, any incapacity was due to the loss of use of his left hand, or was limited to the loss of use of his left arm below the elbow, or was limited to the loss of use of his left arm.

Trial was to a jury which found that appellant sustained total disability for 18 weeks, and that he thereafter suffered permanent partial incapacity produced by 25% loss of use of his left hand; and that appellee did not fail or refuse to furnish needed medical aid for him. It was undisputed that appellant's average weekly wages exceeded $35.00. Judgment was rendered on the verdict.

By divers points of error, appellant seeks to have the judgment reversed and the case remanded for another trial, or, alternatively, to have the judgment reformed so as to award him partial incapacity benefits for partial loss of use of the arm rather than the hand, the specific benefits for an arm being a maximum of 200 weeks, and for a hand a maximum of 150 weeks, under the provisions of Section 12, of Article 8306, Vernon's Texas Civil Statutes. We affirm the judgment.

Appellant asserts that the evidence is legally, or factually, insufficient to support the findings (1) that his incapacity was limited to loss of use of his left hand; (2) that his percentage of loss of use of the hand during the partial incapacity was 25%; and (3) that appellee did not fail to furnish needed medical and hospital aid.

By the term "hand," as used in Sec. 12 of Article 8306, is meant "that part of

the arm below the elbow." National Surety Corporation v. Winder, (Tex.Civ.App., 1960, writ ref., n. r. e.) 333 S.W.2d 450, 451. The jury was so instructed.

Dr. Tom Nash, a neurosurgeon, first saw appellant within the fourth month after injury. He examined appellant four times within the first year following the injury, and at least twice after that. He stated that the operation was "marvelously successful," and that there was a "well-healed scar across the elbow." He testified that from the site of the laceration of appellant's arm, "all the disability has got to be from here down; * * * from the elbow down. But, of course, the muscles really just supply these two fingers and partially the wrist flex. His wrist flexor was good, so he had some disability in these fingers and some stiffness in the joints." He expressed the opinion that any incapacity of appellant "was limited to the loss of use of the hand and fingers and forearm. * * * To his left forearm and hand. * * * I thought he had about 25 percent loss of the forearm and hand, or less. * * * It was confined below his elbow. * * * Of the forearm and hand." There is additional testimony by Dr. Nash and other particulars in evidence that support the findings of incapacity.

The medical bills for which appellant seeks recovery were incurred more than two years after the injury and long after appellant had returned to work. Appellant was referred by his attorney to Dr. Willard B. Weary, a neurosurgeon. Thereafter, following Dr. Weary's suggestion, appellant received a series of physical therapy treatments. There is evidence from which the jury could have believed that at the time he was sent to Dr. Weary appellant was free of all except minimal complaints of loss of use of his left hand; and that the examinations by Dr. Weary and the therapy treatments were not needed.

A review of the entire record convinces us that the evidence is legally suf-

ficient to support the verdict, and that the findings in question are not against the great weight of the evidence.

 Appellant implies that *direct injury* to a specific body member is a prerequisite to specific injury compensation; and that he must therefore be compensated, if at all, for the injury to his arm, even though the evidence might show that any resultant disability is limited to his hand. We disagree. A similar argument was rejected as unsound in Aetna Casualty and Surety Company v. Moore, (Tex.Sup., 1962) 361 S.W.2d 183.

 The defensive issue on which the jury found that incapacity was limited to the hand asked whether appellant's incapacity was not caused solely by "the injury or loss of use to the left hand." Appellant objected to the question on the ground that it was duplicitous and confusing "in that it inquires about two different aspects of plaintiff's incapacity, namely, it inquires about an injury, and secondly, it also inquires about a loss of use." The objection was overruled, and error is assigned to the ruling. Although not approving the form of the issue, we do not believe that under the record it justifies reversal on the criticism made by appellant. Answering a prior question, the jury had already found that the original injury "naturally resulted" in incapacity. There is an abundance of evidence, including the testimony of appellant, that the laceration of the arm resulted in physical damage—"injury" in its generic sense—to the hand. Under the record, this is the obvious meaning intended by the word "injury" in the issue, and we do not believe that appellant was prejudiced before the jury by the wording of the question.

 Appellant's remaining complaints relate to the court's ruling on exceptions and objections to the charge, and to the exclusion of evidence. None are founded on specific assignments in his motion for new trial; they are therefore waived.

Rule 320, Texas Rules of Civil Procedure; Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407, 409 (1943).

The judgment is affirmed.