TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Jack E. NELSON, Appellee.

No. 8621.

Court of Civil Appeals of Texas, Amarillo.

Jan. 20, 1976.

Rehearing Denied Feb. 17, 1976.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, Amarillo (R. A. Wilson), Amarillo, for appellant.

Jack Hazlewood, Amarillo, for appellee.

ROBINSON, Justice.

Jack E. Nelson seeks workmen's compensation for an on-the-job injury to his shoulder. The trial court, sitting without a jury, rendered judgment for Nelson based on findings of general injury and permanent partial disability. Texas Employers' Insurance Association, the insurance carrier, appeals contending that the evidence does not support the trial court's express finding that Nelson's disability is not confined to his arm. Affirmed.

The insurance company relies on the holding in *Aetna Casualty and Surety Company v. Moore,* 361 S.W.2d 183 (Tex.1962). In *Moore,* a medical witness testified that the only injury suffered by the workman was a small chip fracture on the interior surface of the glenoid socket of the workman's shoulder which would affect the use of his arm only and would not affect any other part of his body. Another medical expert testified that the workman also suffered an injury to the lower part of his back. The Supreme Court found that the evidence raised a fact question concerning whether the disability, as opposed to the injury, was confined to the arm, and held that the Workmen's Compensation Act limits recovery to a specific injury when the injury itself is not to a specific member enumerated in Section 12, Article 8306, Vernon's

Ann.Civ.St., but where the disability resulting therefrom is limited to the use of a specific member. This holding was applied in *Brown v. Transamerica Insurance Company,* 416 S.W.2d 902 (Tex.Civ.App.—Tyler 1967, no writ) and *Prewitt v. Liberty Mutual Insurance Company,* 461 S.W.2d 522 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.).

The loss of the use of an arm is an injury for which specific compensation is provided by Section 12, Art. 8306, V.A.C.S. We therefore consider whether the evidence in the case before us is sufficient to support the finding that the disability resulting from Nelson's shoulder injury is not limited to loss of use of his arm.

In March, 1974, Nelson, a carpenter, suffered the injury to his shoulder, as well as other injuries which did not result in permanent disability. Dr. Hyde, the orthopedic surgeon who attended him at the time of the injury, testified that he found an undisplaced linear fracture in the glenoid area of the right scapula. Dr. Hyde expected Nelson to have a normal recovery and testified that X-rays on August 9, 1974, disclosed no abnormality of position and no abnormality of any kind except a well healed fracture.

Another orthopedic surgeon, Dr. Ralph Citron, saw Nelson on December 5, 1974. Dr. Citron testified that his examination revealed a healed fracture involving the shoulder bone or scapula with some distortion of the parts and some tilting of the glenoid fossa, a part of the shoulder bone that articulates with the arm bone. He testified that the fracture line went through the base of the acromion and the whole thing became somewhat depressed. This means that the shoulder blade was tilted downward. He testified that the boney prominence on Nelson's right shoulder seemed to be larger than a similar boney prominence on the left shoulder. He said that that was because the shoulder was lower. The prominence was in the correct place, but the rest was not. The only con-

tinuing disability to labor testified to by Dr. Citron was an inability to use the arm in the overhead position. The motion of the shoulder was good except for abduction, the motion of bringing the arm out to the side and overhead, which was limited by about 30 degrees. This limitation means that Nelson was not able to bring his arm much beyond the right angle in the sideways position.

Nelson removed his shirt in the courtroom and the trial judge observed the condition of his shoulder. A photograph of Nelson's shoulders is in evidence.

Nelson testified that because of his injury he was no longer able to perform his duties as a carpenter and went to work at a reduced wage as a school custodian on October 30, 1974. In addition to the problems which involve his attempt to use his arm, Nelson testified that his shoulder would give way because it was weak and also that he was required to carry things on his shoulder in the course of carpentering, but was now unable to carry them on his right shoulder.

■ The testimony of the injured party may outweigh that of a medical witness who is not confronted with the problem of living with the injury and who is generally not in as good a position as the injured party to evaluate the disabling effects thereof. The issue of disability may be established by the claimant alone, and this is true even though his testimony may be contradicted by medical witnesses. *Connecticut Indemnity Company v. Henson,* 388 S.W.2d 300, 304 (Tex.Civ.App.—Houston 1965, no writ). *Travelers Insurance Company v. Wade,* 373 S.W.2d 881 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.).

■ We conclude that there was some evidence that Nelson's disability was not confined to his arm which raised an issue for determination by the trier of fact. After considering all of the evidence, including that opposed to the court's finding, we conclude that the court's finding was not so against the great weight and preponderance of the evidence as to be clearly wrong.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

■ On motion for rehearing, the insurance carrier contends that the workman, Nelson, judicially admitted that his only disability was in the use of his arm. The insurance carrier relies on the following testimony of Nelson on cross-examination:

Q. Now, in the deposition that we took last week from Dr. Citron, he says to us, Page 8, he says to us that your continuing trouble is that you are unable to place your arm in the overhead position; is that a true statement?

A. Yes sir.

Q. He says also that you are—the continuing impairment, physical impairment the he detects with you is in your ability to use that right arm; is that also a fair statement?

A. Yes sir.

The quoted questions reasonably can be interpreted to inquire whether the carrier's attorney was correctly stating Dr. Citron's deposition testimony. If Nelson so interpreted the questions, his affirmative answers could not be admissions concerning the extent of the disability which he, himself, experienced. In any event, we do not believe that the quoted testimony would amount to an admission that Nelson's *only* continuing trouble was to his arm, especially in view of his prior testimony concerning problems which he was experiencing in the use of his shoulder. We are of the opinion that the quoted statement does not meet the standard set out in *Griffin v. Superior Insurance Company,* 161 Tex. 195, 338 S.W.2d 415, 419 (1960), that the statement relied upon as a judicial admission be deliberate, clear, and unequivocal. The motion for rehearing is overruled.